IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-CV-250-FL

| | | |
|---|---|---|
| RLM COMMUNICATIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| AMY E. TUSCHEN and ESCIENCE AND TECHNOLOGY SOLUTIONS, INC., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court following Rule 16 conference and hearing held with the court on April 30, 2014, at which time the court directed the parties to meet and confer and submit to the court by May 6, 2014, a proposed consent order regarding preliminary injunctive relief as well as a proposed consent order relevant to the case schedule. On May 8, 2014, defendants filed a joint report and plan regarding scheduling, and defendants filed a response including separate proposed consent preliminary injunction orders. Separate order entered this date sets forth the case schedule and discovery limitations. Regarding preliminary injunctive relief, based upon the response, the exhibits thereto, and the parties' positions stated at hearing on April 30, 2014, the court orders as follows.

BACKGROUND

Plaintiff filed a verified complaint against defendants on April 17, 2014, in Cumberland County District Court. In its complaint, plaintiff alleges breach of contract, unfair and deceptive trade practices, tortious interference with contractual relations, misappropriation of trade secrets,

unjust enrichment, and civil conspiracy, seeking injunctive and monetary relief. Plaintiff alleges that defendant Amy E. Tuschen's employment with defendant eScience and Technology Solutions, Inc. ("eScience"), a competitor of plaintiff, is in violation of certain restrictive covenants to which defendant Tuschen is bound under two employment contracts executed between defendant Tuschen and plaintiff. Contemporaneously with the filing of its verified complaint in state court, plaintiff secured an ex parte temporary restraining order by the presiding district court judge which enjoined each defendant in multiple respects, with hearing on the return of the temporary restraining order set at that time for 9:00 a.m on April 28, 2014.

Defendants removed the action to this court on April 25, 2014, and filed a partial motion to dismiss for failure to state a claim. On April 28, 2014, plaintiff filed an emergency motion seeking, among other relief, that the court adopt the state court temporary restraining order and extend the terms of such for a like period or until a hearing on preliminary injunction could be held. On April 29, 2014, by text order, the court granted plaintiff's emergency motion and entered a temporary restraining order on the terms and conditions set forth in the state court order, to extend up to and through May 12, 2014. The court set the matter for an administrative conference by telephone on April 30, 2014. In the meantime, on April 29, 2014, defendants filed a response in opposition to plaintiff's emergency motion.

During the administrative conference and hearing, held April 30, 2014, the parties with the assistance of the court, reach an agreement as to the need for a consent preliminary injunction order to replace the temporary restraining order. The parties generally agreed to proceed under a consent preliminary injunction order outlined by the court at hearing that preserves the status quo pending a period of expedited discovery leading to briefing and court's ruling regarding plaintiff's request

2

for permanent injunctive relief and defendants' legal challenges to the plaintiff's claims. The parties generally agreed to a consent preliminary injunction order containing the following terms outlined by the court:

> 1. Defendants shall be enjoined during the pendency of the litigation from disclosing or relying on any information gained from exposure to the technical proposal submitted; pricing and employee salary information; personnel evaluations; and fee, profit, overhead, and general and administrative information in relation to the Contract (defined in ¶20 of the complaint) and/or any other contract or solicitation.
>
> 2. Defendants shall be enjoined during the pendency of the litigation from soliciting plaintiff's employees.
>
> 3. Defendant Tuschen shall be able to return to work under the terms of the consent preliminary injunction order.

The court directed the parties to confer and draft a consent preliminary injunction order, to be submitted to the court by Tuesday, May 6, 2014, with defendants agreeing to transmit an initial draft to plaintiff by May 2, 2014, and with plaintiff agreeing to a May 6, 2014, deadline for completion of the consent preliminary injunction order.

The court also directed the parties to confer and submit a proposed scheduling order for the case in the form of a consent order. The parties agreed on a discovery cutoff date of May 28, 2014, and agreed to conduct a limited amount of expedited discovery preceding that date, the terms of which would be set forth in the proposed scheduling order. The parties, with assistance of the court, agreed to a period of briefing, with hearing if necessary, to address plaintiff's request for permanent injunctive relief and defendants' legal challenges to plaintiff's claims. The court stated that defendant's motion to dismiss was not to be ruled upon as such by the court, but that rather it should be converted to one for summary judgment, and defendants should present arguments in brief pursuant to Federal Rule of Civil Procedure 56.

On May 1, 2014, the court entertained an informal request for clarification of the court's directives, which request was memorialized in an email chain received by the case manager through defense counsel. Said communication evidenced disagreement between the parties as to when defendant Tuschen may return to work, subject to restrictions discussed and ordered at conference and hearing. The court confirmed by text order that it had imposed injunctive terms and conditions on defendants at conference and hearing, to which defendants must comply. The court reiterated that the consent order process underway affords the parties opportunity to more fully inform the contours of the order for the court's further consideration. The court ordered that, subject to the court's oral order of record, and the stipulations of the parties, defendant Tuschen could return to work.

On May 8, 2014, defendants filed a response to the court's directive to submit a consent preliminary injunction order. Defendants' response notes that the parties were unable to reach an agreement on a consent order to be tendered to the court. Defendants propose a preliminary injunction order attached as Exhibit A to defendants' response. Defendants also attach as Exhibit B the latest version of plaintiff's proposed consent preliminary injunction. The two proposed draft preliminary injunction orders are similar in many respects, with plaintiff's proposed draft showing several changes suggested in redline formatting.

DISCUSSION

In light of the general agreement between the parties at conference and hearing, on April 30, 2014, and in light of the many similarities between the two proposed draft preliminary injunction orders, the court determines without further discussion that, at a minimum, a preliminary injunction order containing those terms common to both proposed draft preliminary injunction orders is warranted and consented to by the parties. The parties have a mutual goal to preserve the status quo

pending ruling by the court on the parties' claims and defenses. Those terms common to both proposed draft preliminary injunction orders will preserve the status quo. Therefore, the present preliminary injunction order contains these common terms consented to by the parties, in addition to disputed terms discussed as follows.

With respect to the remaining terms in dispute, the court makes the following findings of fact and conclusions of law, in addition to those noted already herein above.

A. Findings of Fact

1. Plaintiff disputes the phrase "then expired" in reference to the state court temporary restraining order in the second WHEREAS clause in defendants' proposed preliminary injunction order.

2. The expiration status of the state court temporary restraining order is not a finding material or necessary to the present preliminary injunction order.

3. Plaintiff seeks to add reference to defendant eSTS in Section A of defendants' proposed preliminary injunction order.

4. While defendants oppose addition of defendant eSTS to this section because eSTS cannot act alone, addition of eSTS to this clause helps to reiterate that the injunction applies to both defendants in this case.

5. The parties propose competing statements of what "confidential information" does "not include."

6. Defendants' proposed statement of what "confidential information" does "not include" tracks the language of the confidentiality agreement (DE 1-1, p.23 at ¶1), and is thus supported by the record in this case.

5

7. Plaintiff, by contrast, has not demonstrated a need for departing from the language in the confidentiality agreement concerning what "confidential information" does not include.

8. Defendants' proposed statement concerning what "confidential information" does not include contributes to preservation of the status quo.

9. Plaintiff proposes adding an additional category to the listing of what "confidential information" may include, at Section A(i)(f),[1] comprising "information or strategy utilized by RLM relating to categories of information" previously set forth.

10. The language proposed at Section A(i)(f) is not found in either the confidentiality agreement or the complaint.

11. The language proposed at Section A(i)(f) was not discussed or proposed by the parties or the court at conference and hearing held April 30, 2014.

12. The language proposed at Section A(i)(f) is broader than necessary to preserve the status quo.

13. Plaintiff proposes adding "or attempt to solicit or employ," in first part, to section A(ii).

14. The covenant not to compete states that defendant Tuschen will not "employ or attempt to employ any employee of [plaintiff]." (DE 1-1 p. 21).

15. Plaintiff's proposed language, as to this first part of section A(ii), is consistent with the covenant not to compete.

16. Plaintiff proposes adding "or to induce or attempt to induce any employee of RLM," in the second part of section A(ii).

---

[1] References to plaintiff's proposed language and section heading enumeration are to plaintiff's proposed section headings as enumerated in the redline document attached as Exhibit B to defendants' response (DE 25-2).

6

17. Plaintiff's proposed language, as to this second part in section A(ii), is broader than the language of the covenant not to compete.

18. Plaintiff's proposed language, as to this second part in section A(ii), is broader than necessary to preserve the status quo.

19. Defendants propose adding a limitation on the restriction in Section A(ii) to apply until the earlier of (a) June 13, 2014 or (b) further Order of this Court.

20. Defendants' proposed time limitation is consistent with the time period of the covenant not to compete.

21. Defendants' proposed time limitation, by reflecting the time limitation of the covenant not to compete, preserves the status quo.

22. Plaintiff proposes adding a restriction for "[d]iverting or interfering with business or contracts between RLM and any third parties," at section A(iii).

23. Plaintiff's proposed language at section A(iii) was not discussed or proposed by the parties or the court at conference and hearing held April 30, 2014.

24. The language proposed at Section A(iii) is similar to a statement in the covenant not to compete stating that defendant Tuschen will not "divert or attempt to divert business away from [plaintiff]." (DE 1-1 at p. 21).

25. Defendant claims that the corresponding provision in the covenant not to compete is unenforceable on its face because it lacks any geographic scope.

26. Plaintiff has not, on the present showing, demonstrated likelihood of success on the merits as to enforceability of this particular provision in the covenant not to compete.

27. Plaintiff proposes, in first sentence of Section B(i) replacing reference to confidential

7

information "shared" with confidential information "acquired" by defendant Tuschen.

28. Although defendant contends the proposed language in first part of Section B(i) covers confidential information that defendant Tuschen may have acquired from another source, the proposed language is not so broad because it is limited by the statement of what "confidential information" does "not include."

29. Accordingly, defendants' stated concerns regarding plaintiff's proposal, in the first sentence of Section B(i), are not supported by the record.

30. Plaintiff proposes, in the second sentence of Section B(i), replacing reference to a "federal government" contract with "any" contract.

31. The parties discussed, and the court proposed, at the April 30, 2014 conference and hearing, a definition of confidential information for purposes of the preliminary injunction motion to be not limited to the federal government contract specified in paragraph 20 of the complaint, but to include any other contract or solicitation while the action is pending.

32. Plaintiff's proposed change, in the second sentence of Section B(i), is consistent with the scope of the injunction as discussed and proposed, at the April 30, 2014, conference and hearing.

33. Plaintiff proposes adding, at Section B(ii), in first part, a restriction that prohibits defendant eSTS "[t]hrough [defendant] Tuschen and other third parties, [from] employing or soliciting any RLM employees."

34. Plaintiff's proposal, at Section B(ii), in first part, is partially redundant of Section A and Section A(ii), which is applicable to defendant Tuschen acting "in concert with eSTS."

35. Where Section B(ii), in first part, also prohibits conduct of eSTS and other third parties, independent of defendant Tuschen, it extends beyond the terms of the covenant not to compete,

8

executed only by plaintiff and defendant Tuschen, and thus does not preserve the status quo.

36. Plaintiff proposes adding, at Section B(ii), in second part, a restriction that prohibits defendant eSTS from "diverting or interfering with business or contracts between RLM and any third parties."

37. To the extent this proposed provision is applicable to defendant eSTS in concert with defendant Tuschen, it is not justified for the reasons stated at numbered paragraphs 24-27, above.

38. To the extent this proposed provision prohibits conduct of eSTS, independent of defendant Tuschen, it extends beyond the terms of the covenant not to compete, executed only by plaintiff and defendant Tuschen, and thus does not preserve the status quo.

B. Conclusions of Law

1. "A plaintiff seeking a preliminary injunction must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).

2. Plaintiff will suffer irreparable harm if a preliminary injunction with the terms set forth herein below is not in effect during the pendency of this litigation.

3. Security of $5,000 is an amount the court considers proper to pay the costs and damages sustained by defendants to the extent wrongfully enjoined or restrained during this time period.

4. Defendants will not suffer irreparable harm upon entry of a preliminary injunction with the terms set forth herein below.

5. On the present showing, without prejudice to findings upon further analysis by the court, plaintiff has demonstrated a likelihood of success on the merits as to at least some part of plaintiff's

9

claims upon which injunctive relief will be sought.

6. The preliminary injunction with the terms set forth herein is in the public interest.

7. Therefore, a preliminary injunction is warranted on the terms set forth as follows.

WHEREAS, without any admission of liability and without any preclusive effect, the parties have jointly agreed to entry of a preliminary injunction to preserve the status quo pending the present litigation, with many terms of such preliminary injunction consented to by the parties, and several terms in dispute by the parties;

IN PART UPON AGREEMENT OF THE PARTIES, AND IN PART UPON FINDINGS SET FORTH HEREIN, IT IS HEREBY ORDERED THAT:

A. Defendant Tuschen is hereby immediately enjoined and restrained, whether alone or in concert with defendant eSTS or any of its officers, agents, servants, employees, and/or representatives (other than counsel of record solely for purposes of providing a defense in this action), until further order of this court, from:

(i) using or disclosing any confidential information of plaintiff she learned by virtue of her employment with plaintiff. For purposes of this Order, "confidential information" does not include information in the public domain, information generally known in the government support services industry, and information acquired by defendant Tuschen completely independently of her services for plaintiff. By way of illustration, confidential information includes (a) technical proposals submitted; (b) pricing; (c) employee salary information; (d) personnel evaluations; and (e) fee, profit, overhead and general and administrative information in relation to the U.S. Government contract entitled lA, CYND Resident, and MTT Support, numbered VV91249-12-C-0017.

(ii) from employing or attempting to employ any employee of plaintiff, or from soliciting or attempting to solicit any employee of plaintiff to leave his or her employment, until the earlier of (a) June 13, 2014 or (b) further order of this court.

B.  Defendant eSTS is hereby immediately enjoined and restrained, whether alone or in concert with any person or entity, until further Order of this Court, from using or disclosing any confidential information of plaintiff that may have been previously acquired by defendant Tuschen. By way of illustration, defendant eSTS may not incorporate any confidential information into a bid for any contract in competition with plaintiff.

C.  If either defendant discovers in its or her respective possession any confidential information of plaintiff in a tangible form during the term of this Order, then that defendant must immediately return the confidential information to plaintiff. Defense counsel of record may retain a copy of the confidential information solely for purposes of providing a defense in this action.

D. Within five days of the entry of this order, plaintiff shall post security of $5,000.00 with the Clerk of Court to indemnify defendants from any damage incurred by reason of this order.

SO ORDERED, this the 14th day of May, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge

11

Case 5:14-cv-00250-FL   Document 27   Filed 05/14/14   Page 11 of 11