IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-CV-250-FL

| | | |
|---|---|---|
| RLM COMMUNICATIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| AMY E. TUSCHEN and ESCIENCE AND TECHNOLOGY SOLUTIONS, INC., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on plaintiff's motion for leave to file exhibits (DE 70) and plaintiff's motions to seal (DE 67, 82, 94), filed in conjunction with the parties' briefs regarding defendants motion for summary judgment and plaintiff's motion for permanent injunction. (DE 6, 17).[1]

COURT'S DISCUSSION

The parties, as scheduled, filed their opening briefs regarding defendants' motion for summary judgment and plaintiff's motion for permanent injunction, on June 27, 2014. Later the same day, plaintiff filed a motion for leave to file index of exhibits and related exhibits to plaintiff's opening brief. (DE 70). In support of the motion for leave, plaintiff explains that it encountered technical difficulty in attaching the exhibits to the opening brief and was unable to correct the problem prior to the 5:00 p.m. deadline for filing its opening brief. Upon plaintiff's showing, where

---

[1] The court will address by separate order the substantive motions at DE 6 and DE 17, as well as plaintiff's response to the court's June 23, 2014, show cause order regarding costs incurred with the motion to compel (DE 42).

the motion is unopposed, the motion for leave to file (DE 70) is ALLOWED. Rather than directing refiling of the exhibits, the court hereby DEEMS TIMELY FILED the index and exhibits attached to the leave to file.

In conjunction with its opening brief, plaintiff also filed a motion to seal certain exhibits filed with the opening brief. (DE 67). The proposed sealed exhibits are attached under seal to the motion, and plaintiff filed a memorandum in support of the motion, stating that the exhibits are designated confidential or highly confidential pursuant to the court's protective order, and that public disclosure would harm the parties and put them at a competitive disadvantage.

The parties filed, as scheduled, their responsive briefs regarding defendants' motion for summary judgment and plaintiff's motion for permanent injunction on July 11, 2014.

In conjunction with its responsive brief, plaintiff filed a motion to seal certain exhibits filed with its responsive brief. (DE 82). The proposed sealed exhibits are not attached to the motion but rather appear to have been filed as proposed sealed exhibits B, C, and D, to the responsive brief (DE 75, 76, 78). Plaintiff filed a memorandum in support of the motion, stating that the exhibits are designated confidential or highly confidential pursuant to the court's protective order, and that public disclosure would harm the parties and put them at a competitive disadvantage.

Defendants responded plaintiff's motions to seal on July 18, 2014, stating that its response lifting confidential designations as to certain items defendants produced in discovery will moot the bulk of plaintiff's motions to seal, and as to the remaining items good cause to seal had not been shown. Plaintiff replied on August 1, 2014, stating that the issues appear to now be settled by the parties, with some exceptions as set forth below.

First, with respect to its motion to seal certain documents produced by defendants' in discovery, plaintiff withdraws its motion to seal. Accordingly, the court DENIES IN PART AS MOOT plaintiff's motions to seal (DE 67, 82), and DIRECTS the clerk to mark as unsealed the following exhibits filed in conjunction with plaintiff's opening brief: DE 67-5, DE 67-6, DE 67-7, DE 67-8, DE 67-9, DE 67-10, DE 75, DE 76.

Second, plaintiff and defendants both support continued sealing of proposed sealed exhibit D at filed at DE 78. Although defendant disputes the relevance of the document, the court finds good cause to seal exhibit D filed at DE 78, due to the privacy interests of Tuschen in the terms of her employment relationship with defendant eSTS, and the court finds that no alternative to sealing exists. See Stone v. University of Maryland Medical System Corp., 855 F.2d 178, 180-181 (4th Cir. 1988); In re Knight Pub. Co., 743 F.2d 231, 235 (4th Cir. 1984). Accordingly, the court GRANTS that part of plaintiff's motion to seal (DE 82) with respect to DE 78, and DIRECTS the clerk to seal exhibit D filed at DE 78.

Third, plaintiff and defendants both support sealing of proposed sealed exhibits 67-2, 67-3, and 67-4, on the basis that these documents contain plaintiff's non-public business information that if released publicly would put plaintiff at a competitive disadvantage. The documents cited are plaintiff's detailed statements of indirect expenses marked "highly confidential - attorney's eyes only" (DE 67-2, 67-3), and a listing of "transition items" referencing Tuschen, marked "confidential," (DE 67-4), pursuant to the protective order. Plaintiff has demonstrated a need for protection of sensitive business information, disclosure of which reasonably could place plaintiff at a competitive disadvantage in its field of business, and that no alternative to sealing exists. See Stone, 855 F.2d at 181; In re Knight Pub. Co., 743 F.2d at 235. Accordingly, the court GRANTS

in this part plaintiff's motion to seal (DE 67), and DIRECTS the clerk to mark exhibits 67-2, 67-3, and 67-4 under seal.

Fourth, the parties dispute the confidentiality of DE 67-1, which is a detailed point-of-contact list relating to plaintiff's government contract business. Plaintiff contends the document contains plaintiff's confidential business information, and plaintiff contests defendants' representation that defendant Tuschen received the document from the government, a third party. Where, however, the contact information contained in the document has been disclosed, nearly identically, at 67-10, the court finds that plaintiff has not met the standard for sealing DE 67-1. In particular, plaintiff has not demonstrated that those minor differences in the two documents are themselves revealing of information requiring sealed protection. Accordingly, the court DENIES in this part plaintiff's motion to seal, (DE 67), and DIRECTS the clerk to mark as unsealed DE 67-1 filed in conjunction with plaintiff's opening brief.

Fifth, plaintiff consents to defendants' filing those portions of RLM's deposition testimony cited in defendants' opening brief, as long as not construed of a waiver of confidentiality regarding the documents referenced in the deposition. The court DIRECTS defendants to so file the cited deposition testimony.

On August 4, 2014, plaintiff filed motion for leave to file certain corrected exhibits under seal. (DE 94). Plaintiff notes that these are corrected exhibits for those at DE 67-6 and DE 67-10, which the court already determined above do not require sealing. Accordingly, the court DENIES AS MOOT this motion to seal (DE 94), and the court DIRECTS the clerk to mark as unsealed the exhibits at DE 96 and DE 97.

CONCLUSION

Based on the foregoing, plaintiff's motion for leave to file exhibits (DE 70) is GRANTED and plaintiff's motions to seal (DE 67, 82) are GRANTED IN PART and DENIED IN PART, as set forth herein. Plaintiff's further motion to seal (DE 94) is DENIED AS MOOT. The clerk is DIRECTED to mark the documents subject to the motions to seal in accordance with the foregoing directives.

SO ORDERED, this the 12th day of August, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge

5