IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-CV-250-FL

| | | |
|---|---|---|
| RLM COMMUNICATIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| AMY E. TUSCHEN and ESCIENCE AND TECHNOLOGY SOLUTIONS, INC., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court on defendants' motion for attorney's fees (DE 104). Plaintiff responded, and defendants replied. In this posture, the issues raised are ripe for ruling.[1] For the following reasons, the court denies defendants' motion.

## BACKGROUND

Plaintiff filed suit in state court on April 17, 2014, seeking injunctive relief and damages against defendant eScience and Technology Solutions, Inc., ("eSTS") and defendant Amy E. Tuschen ("Tuschen"), who is an employee of eSTS and a former employee of plaintiff. Plaintiff asserted nine claims for relief based upon defendants' allegedly improper use of confidential information and trade secrets: (1) breach of contract – covenant not to compete, (2) breach of contract – confidentiality agreement, (3) unfair and deceptive trade practices, (4) tortious

---

[1] As noted herein, defendants' motion for bill of costs (DE 103) remains pending with the Clerk of Court and will be addressed by separate order.

interference with contractual relations, (5) misappropriation of trade secrets, (6) unjust enrichment, (7) civil conspiracy, (8) preliminary and permanent injunction, and (9) conversion.

The day after the complaint was filed, plaintiff obtained a temporary restraining order in state court. On April 25, 2014, defendants removed to this court on the basis of diversity jurisdiction. Defendants filed a motion to dismiss part of plaintiff's claims on April 27, 2014, and plaintiff filed an emergency motion for temporary restraining order on April 28, 2014. By text order entered April 29, 2014, this court granted the temporary restraining order on the terms and conditions set forth in the state court order.

That same date, plaintiff filed a second emergency motion to temporary restraining order, preliminary injunction, and to expedite discovery (DE 17). The court held an administrative conference on April 30, 2014, and, based upon discussion at the conference, the court directed the parties to tender a proposed consent order regarding temporary injunctive relief and case scheduling. Upon notice of the parties' respective positions, the court entered a preliminary injunction order on May 14, 2014, in part based upon consensus of the parties, and also based upon findings of fact and conclusions of law. Through scheduling order entered the same date, the court converted plaintiff's emergency motion into a motion for permanent injunction, and converted defendants' motion to dismiss into a motion for summary judgment to be supplemented upon further discovery and briefing as scheduled by the court.

Defendants alerted the court of a discovery dispute on May 27, 2014, and hearing was held before a magistrate judge partially resolving issues presented. Defendants filed a motion to compel on May 30, 2014, and an amended motion to compel on May 31, 2014 (DE 39, 42). Plaintiff filed a motion for protective order on June 13, 2014. The court stayed briefing on the dispositive motions

2

in the case, and held motion hearing on June 16, 2014, whereupon the court granted the motion to compel and entered plaintiff's proposed protective order. Memorializing rulings at the June 16, 2014, hearing, the court set a revised briefing schedule on dispositive motions, and directed plaintiff to show cause why it should not pay defendants' costs incurred in connection with the motion to compel. Plaintiff filed a response to the show cause order on July 3, 2014, and the parties completed briefing on the dispositive motions on July 11, 2014, with amendments and supplements to exhibits thereto completed August 11, 2014.

On September 25, 2014, the court received a report from a mediator noting that the parties had conducted a mediated settlement conference on August 11, 2014, and the mediation resulted in impasse.

On November 7, 2014, the court entered an order granting defendants' motion for summary judgment and denying plaintiff's motion for permanent injunction. The court ordered plaintiff to pay defendants' reasonable costs in the amount of $3,068.50, associated with the motion to compel.

On November 10, 2010, defendants filed a motion for bill of costs, which was referred to the Clerk of Court for ruling. Defendants filed their motion for attorney's fees on November 21, 2014. The court entered judgment on November 25, 2014.

Plaintiff noticed an appeal of the court's judgment on December 11, 2014, which appeal remains pending. Plaintiff filed an initial response to the motion for attorney's fees, that same date, suggesting that the court should stay consideration thereof pending outcome of the appeal. The court denied plaintiff's request for stay on December 15, 2014, and directed plaintiff to file a response to the motion. Plaintiff responded to the motion on December 29, 2014, and defendants replied.

In their motion for attorney's fees, updated through their reply, defendants request in the aggregate $57,332.50 in attorney's fees for time spent in this action since May 10, 2014, which is the day after an offer of settlement by defendants expired. (See DE 105-2).

**DISCUSSION**

Defendants seek attorney's fees on the basis of the following five authorities: (1) Federal Rule of Civil Procedure 11, (2) 28 U.S.C. § 1927, (3) N.C. Gen. Stat. § 75-16.1, (4) N.C. Gen. Stat. § 66-154(d), and (5) the court's "inherent authority." The court will address each basis in turn below.

1. Federal Rule of Civil Procedure 11

Defendants contend they are entitled to an award of attorney's fees under Rule 11 because plaintiff advanced a "frivolous position" in this lawsuit by continuing to seek damages and injunctive relief after it should have known its claims were foreclosed under the law and facts of this case.

Rule 11 provides that when filing pleadings or motions with the court, an attorney or unrepresented party certifies that to the best of that person's knowledge, the filing satisfies certain requirements. Fed. R. Civ. P. 11(b). These requirements include that the filing is not made for an improper purpose, that the claims are warranted by existing law, factual contentions have evidentiary support, and denials of contentions are warranted. See id. A party may move for sanctions when another party's conduct does not conform with Rule 11. If, after notice and reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule. Fed. R. Civ. P. 11(c)(1).

"[A]ssessment of frivolousness and attorneys' fees are best left to the sound discretion of the trial court after a thorough evaluation of the record and appropriate factfinding." Blue v. U.S. Dep't of Army, 914 F.2d 525, 538 (4th Cir. 1990). "Rule 11 sanctions are appropriate when a lawyer attempts to use discovery to support outrageous and frivolous claims for which there is no factual support." In re Kunstler, 914 F.2d 505, 515 (4th Cir. 1990); see Blue, 914 F.2d at 544-45 (noting that sanctions are appropriate "where a party brings or maintains an unfounded suit" and where "an attorney knows or reasonably should know that a claim pursued is frivolous") (quotations omitted).

Upon careful review of the motion and the record as a whole, informed by the court's intimate review of the evidence and law previously in addressing the dispositive motions in this case, the court finds that plaintiff's pursuit of claims in this case after May 10, 2014, does not rise to the level of sanctionable conduct under Rule 11. Although the court determined in its summary judgment order that plaintiff's claims were without merit, none of plaintiff's claims were so unfounded as to be characterized as "outrageous and frivolous." Kunstler, 914 F.2d at 515.

The court has considered defendants' contentions that plaintiff intended to injure defendants through this litigation, and that plaintiff unnecessarily complicated the litigation in terms of time and expense. While the record suggests plaintiff sought to protect its competitive bidding position in relation to its field of business, and plaintiff presented complex issues in this litigation, the record does not establish that plaintiff's litigation conduct (outside of the conduct related to the motion to compel previously addressed by the court) was without arguable basis in law or procedure, or otherwise unnecessary to a fair presentation of the issues in dispute.

Therefore, the court declines to award sanctions under Rule 11.

2. 28 U.S.C. § 1927

Defendants argue that plaintiff violated § 1927 for similar reasons in pursuing this litigation. Under § 1927, "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Consideration of sanctions under § 1927 may turn on many of the same factors as Rule 11 sanctions. See Blue v. U.S. Dep't of Army, 914 F.2d 525, 546 n.3 (4th Cir. 1990). For the reasons discussed above with respect to Rule 11 sanctions, the court finds no basis for an award of sanctions under § 1927.

3. N.C. Gen. Stat. § 75-16.1

Defendants seek attorney's fees as prevailing party on plaintiff's unfair and deceptive trade practices claim, under N.C. Gen. Stat. § 75-16.1. This statute provides that a prevailing defendant may recover its attorney's fees if the plaintiff "knew, or should have known, the action was frivolous and malicious." N.C. Gen. Stat. § 75-16.1. A claim is frivolous if "a proponent can present no rational argument based upon the evidence or law in support" thereof. McKinnon v. CV Indus., 745 S.E.2d 343, 350 (N.C. Ct. App. 2013). A claim is malicious if "it is wrongful and done intentionally without just cause or excuse or as a result of ill will." Id. The decision whether to award attorney's fees under this statute "is within the sound discretion of the trial judge." Birmingham v. H & H Home Consultants & Designs, Inc., 189 N.C. App. 435, 442 (2008).

The court granted summary judgment in favor of defendants on plaintiff's unfair and deceptive trade practices claim, where the court determined that the predicate tortious interference and misappropriation claims also were without merit. The court analyzed in detail plaintiff's

misappropriation claim, where plaintiff raised several categories of evidence that plaintiff contended were misappropriated by defendant Tuschen. Although the court ultimately determined that plaintiff's claims were without merit, plaintiff raised arguments suggesting that its claims reasonably were subject to dispute and analysis. In this manner, the court finds unavailing defendants' arguments now asserted regarding the relative merits of various components of plaintiff's unfair and deceptive trade practices claim.

In sum, the court finds that plaintiff's unfair and deceptive trade practices claim was neither frivolous nor malicious. Therefore, attorney's fees under § 75-16.1 are not warranted.

    4. N.C. Gen. Stat. § 66-154(d)

Defendants seek attorney's fees as prevailing party on plaintiff's misappropriation claim, under N.C. Gen. Stat. § 66-154(d). That statute provides that attorney's fees may be awarded to the prevailing party "[i]f a claim of misappropriation is made in bad faith." "Bad faith cannot be defined with mathematical precision," but "[c]ertainly it implies a false motive or a false purpose." Bundy v. Commercial Credit Co., 202 N.C. 604, 606 (1932). For the reasons stated above with respect to the unfair and deceptive trade practices claim, defendants also have not demonstrated that plaintiff's misappropriation claim was made in bad faith. While the court agrees with defendants that plaintiff did not present sufficient facts to support its claim, defendants have not demonstrated that plaintiff acted with a "false motive or a false purpose," in bringing the claim. Id. Therefore, attorney's fees under § 66-154(d) are not warranted.

    5. The court's "inherent authority"

Defendants seek an award of attorney's fees under the court's "inherent authority" to sanction litigation conduct taken in "bad faith, vexatiously, wantonly, or for oppressive reasons."

(DE 105 p. 13). "[D]istrict courts have the inherent power to sanction parties for certain bad faith conduct, even where there is no particular procedural rule that affirmatively invests the court with the power to sanction." Strag v. Bd. of Trustees, Craven Cmty. Coll., 55 F.3d 943, 955 (4th Cir. 1995). "'Because of their very potency, inherent powers must be exercised with restraint and discretion.'" Id. (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991)). "A primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process." Id.

Defendants' argument in support of sanctions under this case law rests upon the premise that the lawsuit was "frivolous," and thus a "gross abuse of the judicial system." (DE 105 at 13). For the reasons stated previously, defendants have not demonstrated that the present lawsuit was frivolous. The court is mindful of defendants' position that plaintiff "ignored many red flags during the litigation," including the lack of evidence substantiating its claims, and the delayed timing of the complaint. See id. Nevertheless, upon consideration of all the facts and circumstances underlying the claims in this case, the court does not find that plaintiff acted in bad faith or in deliberate abuse of the judicial process. Therefore, the court declines to award sanctions under its inherent authority to do so.

## CONCLUSION

Based on the foregoing, the court DENIES defendants' motion for attorney's fees (DE 104).

SO ORDERED, this the 19th day of March, 2015.

*[signature]*

LOUISE W. FLANAGAN
United States District Judge