IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-250-FL

RLM Communications, Inc., )
 )
        Plaintiff, )
 )
v. ) **ORDER ON BILL OF COSTS**
 )
AMY E. TUSCHEN and ESCIENCE )
AND TECHNOLOGY SOLUTIONS, INC., )
 )
        Defendants. )

This matter comes before the undersigned on the bill of costs filed by Amy E. Tuschen and eScience and Technology Solutions, Inc. ("defendants") [D.E. 103]. RLM Communications, Inc. ("plaintiff") did not respond, and the matter is ripe for determination.[1]

## BACKGROUND

On November 7, 2014, the court granted defendants' motion for summary judgment [D.E. 102] and entered judgment in favor of defendants on November 25, 2014 [D.E. 108]. Defendants timely filed an application for costs [D.E. 103]. Plaintiff did not object to defendants' request.

## DISCUSSION

Defendants seek costs under Rule 54(d)(1) of the Federal Rules of Civil Procedure as the prevailing party in this action. See Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party."). Federal courts may assess only those costs listed in 28 U.S.C. § 1920. See

---

[1]On December 11, 2014, plaintiff filed a notice of appeal [D.E. 109], and the appeal is pending before the Fourth Circuit Court of Appeals. The Federal Rules of Civil Procedure and Local Civil Rules do not require the clerk to stay an application for bill of costs while a case is on appeal.

Arlington Cent. Sch. Bd. of Educ. v. Murphy, 548 U.S. 291, 301 (2006); Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987), superseded on other grounds by statute, 42 U.S.C. § 1988. Local Civil Rule 54.1 "further refines the scope of recoverable costs." Earp v. Novartis Pharmaceuticals Corp., No. 5:11-CV-680-D [D.E. 248], 2014 WL 4105678, at *1 (E.D.N.C. Aug. 19, 2014) (unpublished). In sum, defendants seek $2,922.57 in total costs from plaintiff [D.E. 103].

I.    **Fees for Printed or Electronically Recorded Transcripts**

Defendants request $2,673.67 in costs associated with deposition transcripts [D.E. 103]. "Fees for printed or electronically recorded transcripts necessarily obtained for use in the case" may be taxed as costs. 28 U.S.C. § 1920(2). Defendants submitted court reporter invoices for five transcripts and declared, through counsel, that the costs for the depositions were necessarily incurred in this action [D.E. 103; D.E. 103-1]. Moreover, the docket reveals that defendants submitted excerpts from the depositions in support of their motion for summary judgment, and plaintiff relied on excerpts from those proceedings in its response [D.E. 61, 70, 73, 98]. Thus, the undersigned finds that the transcripts were necessarily obtained for use in the case. However, in construing 28 U.S.C. § 1920 and Local Civil Rule 54.1, this court has denied fees for copies of exhibits and shipping and handling. See, e.g., Nwaebube v. Employment Sec. Comm'n of N.C., No. 5:09-CV-395-F, 2012 WL 3643667, at *1 (E.D.N.C. Aug. 21, 2012) (unpublished) (disallowing costs of exhibit copies); Hexion v. Specialty Chemicals, Inc. v. Oak-Bark Corp., No. 7:09-CV-105-D, 2012 WL 2458638, at *6 (E.D.N.C. June 27, 2012) (unpublished) (denying costs for shipping and postage). Defendants' court reporter invoices included $13.02 in non-taxable costs for exhibit copies and postage and delivery. Accordingly, those costs are disallowed, and defendants are awarded the remainder of $2,660.65 in costs for printed or electronically recorded transcripts.

2

## II. Copy Costs

Defendants also seek $248.90 in copy costs [D.E. 103]. "Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case" may be taxed as costs. 28 U.S.C. § 1920(4). "The concept of necessity for use in the case connotes something more than convenience . . . ." Har-Tzion v. Waves Surf & Sport, Inc., No. 7:08-CV-137-D, 2011 WL 3421323, at *3 (E.D.N.C. Aug. 4, 2011) (unpublished) (quoting Cherry, 186 F.3d at 449). "Copying costs are allowable if used as court exhibits, or if furnished to the court or opposing counsel." PCS Phosphate Co., Inc. v. Norfolk S. Corp., No. 4:05-CV-55-D, 2008 WL 1901941, at *1 (E.D.N.C. Apr. 29, 2008) (unpublished) (citing Bd. Of Dirs. Water's Edge v. Anden Group, 135 F.R.D. 129, 138-39 (E.D. Va. 1991)). The cost of copies made solely for the convenience of counsel are generally not taxable under 28 U.S.C. § 1920(4). Fells v. Virginia Dept. Of Transp., 605 F. Supp. 2d 740, 743 (E.D. Va. 2009) (citing Thomas v. Treasury Mgmt. Ass'n, Inc., 158 F.R.D. 364, 372 (D. Md. 1994)).

Defendants did not attach an internal costs report, billing records, or other documentation to support their claim for copy costs. Instead, defendants submitted a claim of 2,489 pages of copies for the pleadings, discovery, and legal research. According to defendants, the purpose for which the copies are made is not documented. "[N]o litigation costs should be awarded in the absence of adequate documentation." Trimper v. City of Norfolk, 58 F.3d 68, 77 (4th Cir. 1995). Defendants have not made an adequate showing that the copy costs were necessary. Accordingly, defendants' request for $248.90 for the costs of making copies is disallowed without prejudice. Defendants may supplement their request to cure the deficiencies within 14 days of this order.

3

## CONCLUSION

In summary, defendants' bill of costs [D.E. 103] is allowed in part and disallowed in part without prejudice. For the reasons stated, defendants are awarded costs in the amount of $2660.65 for deposition transcripts under Fed. R. Civ. P. 54, Local Civil Rule 54.1, and 28 U.S.C. § 1920. These costs are taxed against plaintiff and shall be included in the judgment. Costs for making copies in the amount of $ 248.90 are disallowed without prejudice. Within 14 days of this order, defendants may supplement their request with adequate documentation for the copy costs previously identified. Failure to respond constitutes a waiver of those costs.

SO ORDERED. This 28th day of April 2015.

*Julie Richards Johnston*
Julie Richards Johnston, Clerk of Court